IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.  17-22835-cv-DPG/OTAZO-REYES

KATLIN G. CABRERA FLORES,  and
All others similarly situated,

    Plaintiff,

v.

N.H. INC., MOHAMMED S HOSSAIN
and JASMINE HOSSAIN,

    Defendants.
_____/

## ANSWER & AFFIRMATIVE DEFENSES

Defendants N.H. INC. ("NH") MOHAMMED S. HOSSAIN ("MH"), and JASMINE HOSSAIN ("JH"), together referred to as "Defendants", through undersigned counsel serve their Answer and Affirmative Defenses and state the following in answer to, and in defense of, the complaint:

1.    Defendant admits that Plaintiff purports to bring an action under the FLSA but denies that she has any such claim.

2.    Defendants are without knowledge of the allegations in Paragraph 2.

3.    Paragraph 3 is admitted except to the extent that the term "relevant time period" exceeds the two year period preceding the filing of this Complaint.

4.    Paragraph 4 is admitted.

5. Paragraph 5 is denied.

6. Defendants admit that venue is appropriate in the Southern District of Florida.

## COUNT I – FLSA VIOLATIONS

7. Defendants admit that Plaintiff purports to bring claims under the FLSA on behalf of herself and others similarly situated but deny that Plaintiff has any such claims or that there are others who are similarly situated.

8. Defendants admit that the Court has subject matter jurisdiction under the cited statutes but deny there is a basis for exercising jurisdiction in this case.

9. Defendants admit that Plaintiff purports to cite a provision of the FLSA but refer the Court to the exact language of the statute. Paragraph 9 also states a conclusion of law to which no response is required.

10. Defendants NH and MH admit that Plaintiff worked for NH as a deli clerk but deny all other allegations in Paragraph 10.  JH has is without knowledge of the allegations of Paragraph 10.

11. Defendants NH and MH admit that NH used materials and goods that moved in interstate commerce in its business. All remaining allegations in Paragraph 11 are denied.   JH is without knowledge of the allegations of Paragraph 11.

12.  Paragraph 12 is a conclusion of law to which no response is required.

13. Defendants NH and MH admit Paragraph 13 to the extent it alleges that NH employed 2 or more employees who handled materials that moved in interstate commerce. The remaining allegations in paragraph 13 are conclujsions of law to

which no response is required.   JH is without knowledge of the allegations of Paragraph 13.

14. NH and MH admit the allegations of Paragraph 14 despite that the year 2014 is not at issue in this case.  JH is without knowledge of the allegations of Paragraph 14.

15.  NH and MH admit the allegations of Paragraph 15.  JH is without knowledge of the allegations of Paragraph 15.

16. Paragraph 17 is denied as to NH and JH.   MH admits that he owns another store.   MH denies the remaining allegations of Paragraph 16.

17. Defendants admit Paragraph 17.

18. Paragraph 18 is denied.

19. NH and MH deny the allegations of Paragraph 19.  JH is without knowledge of the allegations of Paragraph 19.

20. Paragraph 20 is denied. and it is also denied that Plaintiffs are entitled to any of the relief sought in the unnumbered paragraph following Paragraph 20.

## AFFIRMATIVE DEFENSES

21. <u>First Affirmative Defense</u>:   Assuming Plaintiff states a claim for overtime pay, Defendants acted in good faith and did not knowingly or willfully disregard its obligations under the FLSA and therefore are entitled to protection under the Portal to Portal Act.

22. <u>Second Affirmative Defense</u>:   Assuming Plaintiff states a claim for overtime pay, Plaintiff's work hours do not include, and she is not entitled to be

compensated for, time spent during the work day on personal pursuits that were for her own benefit and have no connection with Defendants' business.

23. <u>Third Affirmative Defense</u>: Assuming Plaintiff states a claim for overtime pay, Plaintiff is not entitled to be compensated for time which otherwise would not be considered "work "under the Portal to Portal Act, including but not limited to the time spent engaging in conversion of corporate funds for her own benefit or for the benefit of others.

24. <u>Fourth Affirmative Defense</u>. Assuming Plaintiff states a claim for overtime pay, she is barred by the Statutes of Limitations from seeking or being awarded damages for any hours beyond those worked in the two years preceding the filing of this Complaint.

25. <u>Fifth Affirmative Defense</u>.  Assuming Plaintiff states a claim for overtime pay, Defendants are not liable for Plaintiff's accrual of overtime beyond any she was authorized to work as Defendants did not suffer or permit that Plaintiff to work more overtime than was authorized and that Plaintiff never made Defendants aware that she was working more overtime hours than authorized.

26. <u>Sixth Affirmative Defense</u>.   Assuming Plaintiff states a claim for overtime pay, Defendants are entitled to set-off the amount(s) that she was overpaid for work she did not perform, for advanced pay, for unpaid loans that remained outstanding at the time of her separation, and for corporate funds she converted to her own use or benefit or the benefit of others, or from which she defrauded Defendants.

27. <u>Seventh Affirmative Defense</u>.  Assuming Plaintiff states a claim for overtime pay, she is guilty of unclean hands and, therefore, is not entitled to seek or receive any equitable relief.

28 . <u>Eighth Affirmative Defense</u>.  Assuming Plaintiff states a claim for overtime pay she is not entitled to seek overtime for time that is "de minimus".

Defendants expressly deny any matter in the Complaint which is not answered and further reserves the right to raise additional defenses which discovery may reveal.

WHEREFORE, Defendants respectfully requests the Court to dismiss this action with prejudice, and award them their reasonable attorney's fees and costs in having to defend this action.

Respectfully Submitted,

LANGBEIN & LANGBEIN, P.A.
Counsel for Defendants
8181 NW 154th Street, Suite 105
Miami Lakes, FL 33016
Tel: (305) 556-3663
Fax: (305) 556-3647
Email: langbeinpa@bellsouth.net

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on 8/29/17 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list:

By: /s/ Leslie W. Langbein
Leslie W. Langbein, Esq.
Fla. Bar No. 305391

SERVICE LIST

J.H. ZIDELL, P.A.
Rivkah Jaff, Esq.
Neil Tobak, Esq.
Attorneys For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone (305) 865-6766
Facsimile (305) 865-7167
zabogado@aol.com

LANGBEIN & LANGBEIN, P.A.
Leslie W. Langbein, Esq.
Attorneys For Defendants
8181 NW 154 Street, Suite 105
Miami Lakes, Fl 33016
Telephone 305-556-3663
Facsimile 305-556-3647
langbeinpa@bellsouth.net2.