UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-22835-CIV-DPG

KATLIN G CABRERA FLORES, and all )
others similarly situated under 29 U.S.C. )
216(b), )
)
       Plaintiffs, )
vs. )
)
N.H. INC. a/k/a MERIDIAN FOOD )
MARKET/MONEY GRAM, )
MOHAMMED HOSSAIN, )
JASMINE HOSSAIN, )
)
       Defendants. )
_____ )

**JOINT PLANNING AND SCHEDULING REPORT**

Plaintiff and Defendants, by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 26(f), S.D.Fla. L.R. 16.1(B), and the Court's Order, hereby file this Joint Scheduling Report.

A.   The Likelihood of Settlement

**Plaintiff:** The Parties intend to explore in good faith, the possibilities of settlement and in good faith will explore, the possibilities of settlement as contemplated by S.D. Fla. L.R. 16.1(B)(5).

**Defendant:** Plaintiff's profession to negotiate in "good faith" in Defense Counsel's experience means that she will make a demand and then never re-consider it as the case progresses. Defendants represent they will re-consider their position on settlement as the case progresses.[1]

B.   The Likelihood of Appearance In the Action of Additional Parties

Defendants do not intend to add additional parties. Plaintiff intends to fully utilize the FLSA opt-in process and will seek leave to amend or certify if applicable.

C.   Proposals for the Formulation and Simplification of Issues

---

[1] The Plaintiff's believe this is an unnecessary and unfounded vexatious personal attack against Plaintiff's Counsel that has no place in a Joint Planning and Scheduling Report.

      **Plaintiff**:  The Parties will attempt, in good faith, to obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action.  The Parties will work to agree on authentication of relevant documents and reserving arguments as to interpretation of such documents, specifically, to documents which originated from each of the Parties and/or their respective representatives/employees.  At this time, there is no need for any advance rulings with respect to admissibility of evidence.

      **Defendant**: Plaintiff has filed a Motion to Disqualify defense counsel.  The motion is fully briefed and a Hearing before the Honorable Magistrate Judge Otazo-Reyes has been set for November 2, 2017 [DE27] as it is ripe for review. .  Defendants believe it is prudent to delay discovery until the time the Motion to Disqualify has been ruled on so that if it necessary for Defendants to retain another attorney to try the case that the retained attorney can participate in all discovery. [2]

D.    The Necessity or Desirability of Amendments to the Pleadings

Defendants do not anticipate a need to amend the pleadings.  Plaintiff intends to fully utilize the FLSA opt-in process and will seek leave to amend or certify if applicable.

E.    The Possibility of Obtaining Admissions of Fact and Documents to Avoid Unnecessary Proof

      **Plaintiff**:    The Parties will attempt, in good faith, to obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action. The parties have exchanged initial disclosure and will work to agree on authentication of relevant documents and reserving arguments as to interpretation of such documents, specifically, to documents which originated from each of the Parties and/or their respective representatives/employees.  At this time, there is no need for any advance rulings with respect to admissibility of evidence.

      **Defendant**:    Defendants admitted FLSA jurisdiction in their Answer, therefore, there is

---

[2]     The Plaintiff believes that Defendants are inappropriately engaging in motion practices by way of the filing of a Joint Scheduling Report. Defendants have failed to confer with Plaintiff's counsel, have failed to provide Plaintiff's counsel with an opportunity to confer with Plaintiff, and are inappropriately moving for relief by way of this Joint Report, which further circumvents Plaintiff's ability to set forth her position in full with controlling authority in the event that Plaintiff opposes the requested relief.  Despite Plaintiff's counsel's conferral efforts, Defense Counsel has refused to remove the language from the Joint Report and has stated that unless her language was included she would NOT sign this Report, thus putting both Parties in jeopardy of not being able to timely comply with the Court's Order [DE22]. Should this Court consider Defendants request by way of the instant Report, Plaintiff requests an opportunity to brief and file a Response to the requested relief.

>no need for further discovery on the issue of enterprise coverage. Defendants also have provided Plaintiff with copies of her pay stubs and time cards (front and back). NH, Inc.'s Rule 30(b)(6) representative and Mr. Hossain already have had their depositions taken by Plaintiff's counsel in a recent case so there is no need to re-depose them here on the issue of their time-keeping and pay practices. Additionally, Plaintiff's counsel already has taken defense counsel's deposition in another case filed against the corporate Defendant and Mr. Hossain. Defendants stipulate to use the prior depositions for that purpose. All other issues present in the case are disputed issues of fact. [3]

F. Suggestions of the Avoidance of Unnecessary Proof and Cumulative Evidence

**Plaintiff**: The Parties, where possible and in good faith, shall attempt to streamline the presentation of evidence to advance the case to trial, and to minimize the duration of the proposed trial, as to those facts and evidence where there is no dispute.

**Defendants** Defendants incorporate their statement in Paragraph E. [4]

G. Suggestions on the Advisability of Referring Matters to Magistrate Judge or Master

The Parties do not agree to stipulate to the Magistrate at this time.

H. Preliminary Estimate of the Time Required for Trial

The Parties estimate this case will require 3 to 4 days for trial. Plaintiff requests a trial by jury.

I. Any Other Information That Might Be Helpful to the Court

---

[3] The Plaintiff believes that Defendants are inappropriately engaging in motion practices by way of the filing of a Joint Scheduling Report. Defendants have failed to confer with Plaintiff's counsel, have failed to provide Plaintiff's counsel with an opportunity to confer with Plaintiff, and are inappropriately moving for relief by way of this Joint Report, which further circumvents Plaintiff's ability to set forth her position in full with controlling authority in the event that Plaintiff opposes the requested relief. Despite Plaintiff's counsel's conferral efforts, Defense Counsel has refused to remove the language from the Joint Report and has stated that unless her language was included she would NOT sign this Report, thus putting both Parties in jeopardy of not being able to timely comply with the Court's Order [DE22]. Should this Court consider Defendants request by way of the instant Report, Plaintiff requests an opportunity to brief and file a Response to the requested relief.

[4] Plaintiff incorporates her objections to same.

**Plaintiff:**   Counsel for the Plaintiff are Jewish and observe the High Holy Days.  Plaintiffs' counsel's firm, is closed in observance of said holidays on 3/31/18, 4/1/18, 4/6/18, 4/7/18, 5/20/18, and 5/21/18. Additionally, Defense Counsel has noted that she is unavailable from October through and including November 2018, as well as a planned 3 week vacation at some point in 2018. Further, Defense counsel has indicated that as part of Defendants' alleged affirmative efforts to comply with the FLSA, Defendants are alleging that they relied on the advice of Defense counsel and her Firm. As Defense counsel and her Firm are material witnesses in that they allegedly counseled and advised Defendants with regards to their obligations to comply with the provisions of the FLSA, Plaintiff has a pending Motion to Disqualify. *See,* [DE11].

**Defendants**:  Counsel for the Plaintiff and Defendants are Jewish and observe the High Holy Days which fall between 9/10/18 and 9/21/18.  Plaintiffs' counsel's firm, is closed in observance of other Jewish holidays on 3/31/18, 4/1/18, 4/6/18, 4/7/18, 5/20/18, and 5/21/18. Further, Plaintiff's Motion to Disqualify defense counsel is pending. [DE11].   Because of that pending motion, Defendants respectfully request that the Court stay all discovery until the motion is ruled on so that if Defendants must retain a new attorney for trial, that attorney also will have the ability to participate in discovery.  Defendants also respectfully request that the Court take into consideration that Plaintiff's counsel closes its office from 9/24/18 thorugh 10/2/18 and no attorneys are allowed to work on these Jewish holidays.  Including attornrys who are not Jewish. These closures impede Defendants' ability to take and complete discovery.  For both of these reasons, the amount of time allowed for discovery should be extended[5]

DATED:  The 20th day of October, 2017.

Respectfully submitted,

By: */s/ Neil Tobak, Esq.*_____          By: */s/  Leslie W. Langbein*_____
Neil Tobak, Esq.                                              Leslie W. Langbein, Esq.

---

[5] . The Plaintiff believes that Defendants are inappropriately engaging in motion practices by way of the filing of a Joint Scheduling Report. Defendants have failed to confer with Plaintiff's counsel, have failed to provide Plaintiff's counsel with an opportunity to confer with Plaintiff, and are inappropriately moving for relief by way of this Joint Report, which further circumvents Plaintiff's ability to set forth her position in full, with controlling authority in the event that Plaintiff opposes the requested relief.  Despite Plaintiff's counsel's conferral efforts, Defense Counsel has refused to remove the language from the Joint Report and has stated that unless her language was included she would NOT sign this Report, thus putting both Parties in jeopardy of not being able to timely comply with the Court's Order [DE22]. Should this Court consider Defendants request by way of the instant Report, Plaintiff requests an opportunity to brief and file a Response to the requested relief.

| | |
|---|---|
| Fla. Bar No. 093940 | Fla. Bar No. 305391 |
| ntobak.zidellpa@gmail.com | langbeinpa@bellsouth.net |
| J.H. Zidell, P.A. | Langbein & Langbein |
| 300 71st Street, Suite 605 | 8181 NW 154 Street Suite 105 |
| Miami Beach, FL 33141 | Miami Lakes, FL 33016 |
| Telephone: (305) 865-6766 | 305-556-3663 |
| Facsimile: (305) 865-7167 | Fax: 556-3647 |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:17-CV-22835-DPG

KATLIN G CABRERA FLORES, and all others similarly situated under 29 U.S.C. 216(b),

        Plaintiffs,

vs.

N.H. INC. a/k/a MERIDIAN FOOD MARKET/MONEY GRAM,
MOHAMMED HOSSAIN,
JASMINE HOSSAIN,

        Defendants.
_____

## PROPOSED SCHEDULING ORDER SETTING
## CIVIL TRIAL DATE AND PRETRIAL SCHEDULE

**THIS CAUSE** is set for trial during the Court's two-week trial calendar beginning on January 7, 2019. The **Calendar Call** will be held at **9:30 a.m. on Wednesday,** January 3, 2019. A **Status Conference** will be held at **9:30 a.m. on Wednesday,** December 27, 2018  The parties shall adhere to the following schedule[6]:

| | | |
|---|---|---|
| 1. | Joinder of any additional parties and filing to amend the complaint by | **11/30/2017** |
| 2. | Written lists containing the names and addresses of all fact witnesses intended to be called at trial by | **2/28/2018** |
| 3. | Plaintiff shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by | **3/16/2018** |

---

[6]Counsel for the Plaintiffs and Defendants are Jewish and observe the High Holy Days.  Plaintiffs' counsel's firm, is closed in observance of said holidays on 3/31/18, 4/1/18, 4/6/18, 4/7/18, 5/20/18, and 5/21/18, and 9/9/18 through 10/2/18.

| | | |
|---|---|---|
| 4. | Defendant(s) shall disclose experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) by | **4/30/2018** |
| 5. | Exchange of rebuttal expert witness summaries and reports as required by Fed. R. Civ. P. 26(a)(2) by | **5/30/2018** |
| 6. | Parties shall select a mediator pursuant to Local Rule 16.2 and shall schedule a time, date, and place for mediation by | **6/30/2018** |
| 7. | Fact discovery shall be completed by | **10/19/2018** |
| 8. | Expert discovery shall be completed by | **10/19/2018** |
| 9. | Dispositive motions, including those regarding summary judgment and *Daubert*, shall be filed by | **11/2/18** |
| 10. | Mediation shall be completed by | **11/16/18** |
| 11. | All pretrial motions and memoranda of law, including motions in limine, shall be filed by | **11/30/18** |
| 12. | Joint pretrial stipulation, proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law shall be filed by | **12/21/18** |
| 13. | Electronic versions of documentary exhibits and Certificates of Compliance re Admitted Evidence shall be filed on CM/ECF by | **12/28/18** |

DATED:  The 20th day of October 2017.

By: */s/ Neil Tobak, Esq.*_____
   Neil Tobak, Esq.
   Fla. Bar No. 093940
   ntobak.zidellpa@gmail.com
   J.H. ZIDELL, P.A.
   300 71st Street, Suite 605
   Miami Beach, FL 33141
   Telephone: (305) 865-6766
   Facsimile: (305) 865-7167
   *Attorney for Plaintiff*

By: */s/ Leslie Langbein*\_\_\_\_\_
   Leslie W. Langbein, Esq.
   Fla. Bar No.
   langbeinpa@bellsouth.net
   Langbein & Langbein
   8181 NW 154 Street Suite 105
   Miami Lakes, FL 33016
   305-556-3663
   Fax: 556-3647
   *Attorney for Defendants*