IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.  17-22835-cv-DPG/OTAZO-REYES

KATLIN G. CABRERA FLORES,
And all others similarly situated,

    Plaintiff,

v.

NH, INC., MOHAMMED S HOSSAIN
and JASMINE HOSSAIN,

    Defendants.
_____/

## DEFENDANTS' VERIFIED MOTION FOR PROTECTIVE ORDER TO STAY ALL DISCOVERY PENDING RESOLUTION OF MOTION TO DISQUALIFY

DEFENDANTS, NH, Inc. ("NH"), MOHAMMED S. HOSSAIN and JASMINE HOSSAIN, through undersigned counsel, jointly move the Court pursuant to Rules 26(c) and (d) and Local Rule 7.1 for a protective order to stay all discovery pending the resolution of Plaintiff's Motion to Disqualify defense counsel and a scheduling order is issued and as grounds for the relief sought state:

1. As noted on the docket, Plaintiff moved to disqualify defense counsel on September 6, 2017. [DE 11].  Defendants responded to the motion to disqualify [DE 14] and filed a motion for protective order. [DE 15]. The Court referred the motion to the Magistrate Judge. [DE 25]  A hearing on the Motion to Disqualify is set for November 2, 2017 before the Magistrate.  [DE 26]

3. Defendants averred in the parties' recently filed Joint Scheduling Report that should the Court rule their counsel is disqualified from acting as trial counsel, they

would engage another attorney so that he/she could participate in discovery. [DE 28]. The ink had barely been dry on the parties' Joint Scheduling Report when Plaintiff served Defendants with Requests for Admissions, Requests for Production, Interrogatories and sought dates for depositions.

4. On 10/23/17, the Court entered an order cancelling a status conference in this case and postponing the issuance of a trial order pending the 11/2/17 hearing and the report and recommendation of the Magistrate. The order did not address a stay of discovery. [DE 29].

5. There is no compelling need for Plaintiff to initiate discovery. A scheduling order with a discovery cut-off will not be issued until the motion for disqualification is resolved. Moreover, Plaintiff will suffer no prejudice if a stay of discovery is granted until the issuance of the scheduling order. Plaintiff's counsel has taken Mr. Hossain's deposition on at least four prior occasions. Mr. Hossain was recently deposed on 5/4/17 and 8/18/17 on the issues of his time keeping and pay practices and his defense of good faith in the case of <u>Reyes v. Collins & 74th Street</u>, Case No. 16-24362-cv-LENARD/GOODMAN, a wage and hour lawsuit brought against Mr. Hossain and another of his businesses. Plaintiff's counsel also served written discovery requests in <u>Reyes</u>. Plaintiff's counsel then served ***the same*** written discovery and re-took Mr. Hossain's deposition on 7/5/17 in connection with <u>Ortiz v. N.H., Inc</u>. Case No. 17-20169-cv-TORRES, another wage and hour lawsuit that was voluntarily dismissed on 9/27/17.[1]  Plaintiff's counsel also previously took the

---

[1] Plaintiff's counsel also took Ms. Langbein's deposition on 8/9/17 on the issue of Mr. Hossain's defense of good faith in connection with the <u>Reyes</u> case. Plaintiff's counsel's Motion to Disqualify in <u>Reyes</u> in pending a ruling.

    depositions of M.D. Kashem, a store manager who at varying times worked at NH and later at Collins & 74th Street, Inc.  Plaintiff's counsel already knows and has fully explored the same time-keeping and wage and hour practices and the bases of their good faith defense that are present in this case. [2]

7. Staying discovery also will conserve Defendants' expenditure of fees and costs until a determination can be made if they will need to retain another attorney and aid in streamlining of this case.

8. Defense counsel conferred with Plaintiff's counsel regarding the relief sought in this motion and informs the Court that Plaintiff ***objects*** to a stay being granted.

Memorandum of Law

    A trial court has broad discretion to stay proceedings as an incident to its power to control its own docket.  See <u>Chico v. Dunbar Armored Inc</u>., 2017 U.S. Dist. LEXIS 166035 (S.D. Fla. 10/6/17), citing  <u>Clinton v. Jones,</u> 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997) and <u>Landis v. N. Am. Co</u>., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936).   See also <u>Chrysler Int'l Corp. v. Chemaly</u>, 280 F.3d 1358, 1360 (11th Cir. 2002); <u>Johnson v. Bd. of Regents of Univ. of Georgia,</u> 263 F.3d 1234,1269 (11th Cir. 2001).

    Rule 26(c) provides that upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to demonstrate good cause, and must make "a particular and specific

---

[2] Defendants intend to file a separate motion pursuant to Rule 26(b) and (d) to limit repetitive discovery in this case.

demonstration of fact. Trinos v. Quality Staffing Servs. Corp., 250 F.R.D. 696, 698 (S.D. Fla. 2008). Rule 26(d) addresses the timing and sequence of discovery. Subsection 26(d)(3)(E) which allows the Court to issue orders under Rule 26(c).

To prevail on a motion to stay, a party must demonstrate reasonableness and good cause Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261 (M.D.N.C. 1988) (setting up balancing test for stays of discovery). Courts have granted motions to stay in consideration of the following factors: (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court. Grice Eng'g, Inc. v. JG Innovations, Inc., 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citing Tap Pharmaceautical Products, Inc. v. Atrix Laboratories, Inc., 2004 U.S. Dist. LEXIS 3684, (N.D. Ill. 2004); Baxter International, Inc. v. Fresenius Medical Care Holdings, Inc., 2008 U.S. Dist. LEXIS 76444, (N.D. Ill. 2008). A stay of discovery is not reserved only for when a dispositive motion or a settlement conference may result in dismissal of a case. Advanced Bodycare Sols., LLC v. Thione Int'l, Inc., 524 F.3d 1235, 1241 (11th Cir. 2008); Chico v. Dunbar Armored Inc, *supra.*

Here, Defendants meet the criteria for the issuance of a stay of discovery. First, this case is in its infancy. The issue of disqualification was raised following Defendants' Answer and Affirmative Defenses. A hearing on the Motion to Disqualify is set to occur in a week's time. The Magistrate Judge is well versed on the grounds for disqualification under Florida Bar Rule 4-3.7, having previously been presented with the same motion and the same grounds in another case involving the same counsel. See [DE 56], Lopez-

Osorio v. Art Landscaping Corp, USDC Case No. 15-20614.

Second, a stay will not unduly prejudice or tactically disadvantage Plaintiff or her counsel.  As noted above, Plaintiff's counsel took ***full discovery*** in both the Reyes and Ortiz  cases, the latter involving the same corporate defendant.  Three of Mr. Hossain's depositions took place within the last 6 months.  ³ Despite that the Reyes case was brought against a different company operated by Mr. Hossain, he also was questioned in that case about his time keeping and pay practices at NH and his good faith defense.  Those subjects were thoroughly discussed in Mr. Hossain's 7/5/17 deposition in Ortiz v. NH, Inc.  See, deposition transcript attached as Exhibit "A".   All Plaintiff needs to complete discovery in this case is a short re-deposition of Mr. Hossain and/or the manager(s) who supervised Plaintiff.

Third, Defendants will be highly prejudiced if discovery is allowed to be taken before the resolution of the Motion to Disqualify.  Should Mrs. Langbein subsequently be disqualified after participating in discovery, Defendants will need to retain another attorney to represent them at trial who has not had the advantage of sitting through witness depositions and analyzing evidence.  This will result in increased legal fees as a new attorney comes into the case in the midst of discovery and needs to be brought "up to speed" on the case.  Fourth, an attorney who has participated in the discovery process first hand has a greater understanding of the evidence that needs to, or will be, presented at trial, and is better able to streamline marshalling of witnesses and evidence at trial.

That there is good cause to stay discovery pending resolution of the Motion to

---

³  Mr. Kashem's depositions in Reyes and Ortiz also were taken within the last 6 months.

Disqualify is supported by the Court's reasoning in its decision to postpone issuance of a scheduling order until after a ruling is issued. That it also is eminently reasonable to stay discovery is supported by particularized and demonstrable facts establishing that Plaintiff will not be prejudiced by a delay but that Defendants may suffer increased legal expense if they later are required to hire another attorney in the midst of discovery.

WHEREFORE, Defendants respectfully request that the Court grant their Motion for Protective Order staying all discovery pending a ruling on Plaintiff's Motion to Disqualify.

UNDERSIGNED COUNSEL'S SIGNATURE BELOW CONSTITUTES A VERIFICATION THAT THE FACTS ALLEGED IN THIS MOTION ARE TRUE AND CORRECT TO THE BEST OF HER KNOWLEDGE AND BELIEF.

Respectfully Submitted,

LANGBEIN & LANGBEIN, P.A.
Counsel for the Defendants
8181 NW 154th Street, Suite 105
Miami Lakes, FL 33016
Tel: (305) 556-3663
Fax: (305) 556-3647

By:   /s/ Leslie W. Langbein
       Fla. Bar No. 305391

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on October 25, 2017 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list:

By:   /s/ Leslie W. Langbein
       Fla. Bar No. 305391

## SERVICE LIST

J. H. Zidell, Esq.
Rivkah Jaff, Esq.
Neil Tobak, Esq.
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
Attorney for the Plaintiff
Email: zabogado@aol.com