UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-22835-DPG/OTAZO-REYES

| | |
|---|---|
| KATLIN G CABRERA FLORES, and all others similarly situated under 29 U.S.C. 216(b), <br><br>     Plaintiffs, <br>vs. <br><br>N.H. INC. a/k/a MERIDIAN FOOD MARKET/MONEY GRAM, MOHAMMED HOSSAIN, JASMINE HOSSAIN, <br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## NOTICE OF DISCOVERY HEARING BEFORE THE HONORABLE MAGISTRATE JUDGE

PLEASE TAKE NOTICE that the undersigned attorney for the Plaintiff will call to be heard on the Court's discovery calendar before the HONORABLE MAGISTRATE JUDGE ALICIA M. OTAZO-REYES, at the c. Clyde Atkins U.S. Courthouse, 301 North Miami Avenue, 10th Floor, Miami, FL 33128, on January 19, 2018, at 3:00 p.m.

Plaintiff is requesting the Court address issues with respect to Defendants' objections and responses to Plaintiff's initial set of discovery, directed towards each Defendant.

   I.   Defendants' Responses to Plaintiff's First Set of Interrogatories:

      a. As of the date of submission of the instant Notice, Defendants have failed to serve **verified** Responses to Plaintiff's First set of Interrogatories. Requiring parties to sign interrogatory responses under oath serves the

critical purpose of ensuring that the responding party attests to the truth of the responses. *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 254 F.R.D. 463, 467 (M.D. Fla. 2008). An attorney's communication, e-mail or otherwise, does not do that, even assuming, *arguendo*, that the attorney's statements provide information responsive to the interrogatory. It is axiomatic that unsworn/unverified answers to interrogatories are infirm, necessitating an order compelling compliance with the FRCP. *Id.*

a) As Defendants have failed to timely serve **verified** Responses to Plaintiff's First Set of Interrogatories, Plaintiff respectfully requests the Court enter an Order that all objections have been waived and Ordering Defendants to respond completely to each Interrogatory and provide **verified** responses.

b) Interrogatory No. 1: Defendants have failed to provide a complete answer to the Interrogatory, specifically, the person responding's name, address, phone number, social security number, and relationship same has with the Corporate Defendant.

c) Interrogatory No. 4: Defendants have failed to provide a complete answer to the Interrogatory, specifically, the accountant's name. An individual Defendants may have relied upon for the affirmative defense of good faith.

d) Interrogatory No. 7, 10: Defendants have failed to provide a complete answer to the Interrogatory, specifically, they try to incorporate responses from interrogatories in a completely different case.

e) Interrogatory No. 8: Defendants have failed to provide a complete answer to the Interrogatory, specifically, name, address, phone number, of all

       employees that worked at the same location as Plaintiff.

    f) Interrogatory No. 13: Defendants have failed to provide a complete answer to the Interrogatory, specifically, payments made to Leslie Langbein, Esq and/or any attorney's for cases reletaded to FLSA, as this specifically relates to Defendants defense that they relied on attorney advice for their affirmative defense of good faith.

II. <u>Defendants' Responses to Plaintiff's First Request for Production:</u>

    a) Request No. 2, 3, 4, 5, 6, 7, 8, 9, 15, 30, 31, 51, 58, 59, 60, 61: Defendants have failed to provide a complete answer and/or documents in response to the above mentioned requests. Responsive Documents would show how and when Plaintiff was paid, and would show Plaintiff's pay, as well as when Plaintiff started/stopped working for Defendants, and what Defendant labeled Plaintiff as in their tax filings, and internal documents i.e. independent contractor or employee.

    b) With respect to any Responses that reference responses to interrogatories "other cases", including but not limited to Request for Production Nos Request No. #18, 19, 20, 21, 22, 52, 53,54, 55, 56: Plaintiff respectfully requested entry of an Order compelling Defendants to respond to same.

    c) With respect to any Responses that reference "attorney-client" privilege, including but not limited to Request for Production Nos. #42, 43,44,46, 63,64, 65, 66, 67, 68, 69, 70, 71, 72, 73, Plaintiff respectfully requested entry of an Order compelling Defendants to provide a Privilege Log.

Plaintiff will provide the Court with the source documents as via email.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak, Esq. ___
    Neil Tobak, Esquire
    Florida Bar No.: 93940

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 12/21/17 TO:

LESLIE W. LANGBEIN, ESQ.
LANGBEIN & LANGBEIN
8181 NW 154 STREET, SUITE 105
MIAMI LAKES, FL 33016
PH: 305-556-3663
FAX: 556-3647
EMAIL: LANGBEINPA@BELLSOUTH.NET

BY:__/s/___Neil Tobak_____
NEIL TOBAK, ESQ.