IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.  17-22835-cv-DPG/OTAZO-REYES

KATLIN G. CABRERA FLORES, and
All others similarly situated,

    Plaintiff,

v.

N.H. INC., MOHAMMED S HOSSAIN
and JASMINE HOSSAIN,

    Defendants.
_____/

## DEFENDANTS' VERIFIED MOTION FOR PROTECTIVE ORDER

Defendants, through undersigned counsel, and pursuant to Rule 26(c) move for entry of a protective order to prevent Plaintiff from taking the deposition of MOHAMMED HOSSAIN on 12/29/17 at 10:00 a.m., for an order limiting the scope of certain witnesses' depositions, and for sanctions and as grounds for the relief sought state:

1.     Plaintiff **_unilaterally_** scheduled Mr. and Mrs. Hossain's depositions for 12/29/17 starting at 10:00 a.m. by issuing a notice on 12/20/17. See Exhibit "A".  (Defense counsel previously had offered 12/29/17 as an available date _to hold a discovery hearing_ before Magistrate Judge Goodman in Cerrato v. Torchav, USDC Case No. 17-23617). [1]  Plaintiff's counsel then usurped 12/29/17 _without inquiring about the availability of the witnesses._

---

[1]  See 12/20/17 email attached at Exhibit "C" from Ms. Jaff acknowledging that 12/29/17 was offered as a date for a hearing.  Plaintiff's counsel previously noticed Mr. Hossain's deposition for 12/28/17 knowing that defense counsel had preserved that date to take its client's deposition in Cerrato.  On 12/19/17, Judge Goodman directed Plaintiff's counsel

2. Mr. and Mrs. Hossain are not available. Mr. Hossain previously made airline reservations to fly to Bangladesh with his wife for an important business meeting and to take care of matters related to his mother's estate. On December 20, 2017, Mr. Hossain learned that the date of the business meeting had been changed and he re-scheduled their outbound flight for 12/30/17. While he did not know what date they would return from Bangladesh, he set 1/23/18 as a tentative return date on their itinerary. See Exhibit "E"

3. Defense counsel learned of the time conflict when her office notified Mr. Hossain of the unilaterally scheduled deposition. Mr. Hossain informed that it would be impossible for him and his wife to attend a deposition on 12/29/17 because it was the last business day he had available before leaving the country to handle pending and anticipated business matters [2] (as well as his personal affairs) and to fulfill his religious obligations. [3] / [4] Mr. Hossain also notified defense counsel's

---

to withdraw the notice for Mr. Hossain's 12/28/17 deposition and to use the date as it was intended for Ms. Cerrato's deposition. The deposition was re-noticed for 12/29/17 by Plaintiff's counsel on day after Judge Goodman's directive when defense counsel was out of the office preparing witnesses for depositions in another case that were to occur on 12/21/17.

[2] Mr. Hossain owns two grocery stores and a laundromat in Miami Beach. Among the tasks he needed to accomplish was banking to ensure that employees and vendors would get paid in his absence.

[3] Mr. Hossain is a devout Muslim and has routinely answered the call to prayer on Fridays at 1:00 p.m. at his mosque.

[4] Ms Jaff is well aware that Mr. Hossain is a devout Muslim who answers the call to prayer on Fridays at 1:00p.m. (and also later in the day). See Exhibit "B". She set a prior deposition of Mr. Hossain on a Friday knowing he would have to leave her office no later than 12:00 p.m. to travel to his mosque. The deposition ended at 12:30 p.m. forcing Mr. Hossain to find the nearest mosque.

        office that they likely would remain in Bangladesh through mid-February and intended to change their return flight.  Mr. Hossain notified defense counsel that the latest date they would stay in Bangladesh was 2/15/18. [5]

4. Defense counsel informed Plaintiff's counsel (via email) that Mr. and Mrs. Hossain were unavailable for a deposition on 12/29/17 until the week beginning February 19, 2018.  She offered to re-schedule their depositions to that week as an alternative.  Ms. Jaff never indicated her unavailability during any day that week and continued to refuse to re-set the 12/29/17 depositions unless a date was given in December, 2017 or early January, 2018 – a time when Mr. and Mrs. Hossain clearly would be out of the country.  Defense counsel again offered to make dates available in February upon Mr. and Mrs. Hossain's return.  The offer was ignored.

5. At this time, defense counsel called Judge Otazo-Reyes' chambers to obtain a date for a discovery hearing. [6]  Defense counsel asked Mr. Tobak and Ms. Jaff to provide dates on which Judge Otazo-Reyes could set a discovery hearing.  Neither attorney responded.  Follow up email also were ignored.  See attached email chain, Exhibit "C".

6. In an effort to diffuse the stand-off and resolve the dispute, defense counsel stated she would be willing to jointly move the Court for an order extending discovery for two more months so there would be sufficient time to re-schedule Mr.and Mrs.

---

[5] If Mr. Hossain returns earlier than 2/15/18, defense counsel will notify Plaintiff's counsel and arrange to find a mutually agreeable date to re-schedule his deposition.

[6] Besides the issue of Mr. Hossain's deposition date, the plaintiff had refused to respond to requests for production and interrogatories.

Hossain's deposition upon his return. [7]  Plaintiff's counsel still refused to re-set the deposition.  See Exhibit "D".

7. Even when Mr. Hossain's religious obligations were called to Ms. Jaff's attention on 12/27/17, she continued her refusal to re-schedule the deposition and instead offered to "take a break" in the deposition so that Mr. Hossain can attend the mosque. [8]  See Exhibit "C".  Mr. Hossain's mosque is in Boynton Beach, an hour's drive away in each direction.

8. There is no urgency to hold Mr. and Mrs. Hossain's depositions on 12/29/17 given that there are still four months left in the discovery period.  Moreover, there is no prejudice to Plaintiff's case if Mr. and Mrs. Hossain's depositions were to be re-scheduled to February, 2018, after his return to the United States.  Mr. Hossain's deposition has been taken ***three*** times by Ms. Jaff in the past six months:  on 5/4/17 in the case of Reyes v. Collins & 74th Street, Case No. 16-24362 -cv-LENARD, on 7/5/17 in the case of Ortiz v. NH, Inc., Case 17-20169-cv-TORRES and again on 8/18/17 (a Friday) in the Reyes case.   Plaintiff's counsel has thoroughly examined Mr. Hossain on his wage and hour practices at NH, Inc.  in the Reyes and Ortiz cases. There are transcripts of each deposition which could be used as evidence in the present case without any need to fully re-take his deposition.  *Clay v. Buzas*, 208 F.R.D. 636 (D. Utah (2002).

---

[7]   The discovery cut-off was set at April 20, 2018.  Even without an extension there was still sufficient time within the discovery period to take Mr Hossain's deposition.

[8]  This suggested "accommodation" would mean that two attorneys and a court reporter would be waiting a minimum of three hours.

Page **4** of **10**

9. As shown by the chain of email, defense counsel has made every effort to confer with Plaintiff's counsel to resolve this discovery dispute but Plaintiff's counsel refused to cooperate in providing dates to set a hearing so the dispute could have been timely resolved. Plaintiff's counsel has no good reason to insist that Mr. and Mrs. Hossain's depositions be taken on 12/29/17.

10. On 12/27/17, defense counsel informed Plaintiff's counsel of her intent to call Judge Otazo-Reyes' chambers to obtain a telephonic hearing on this Motion and invited Plaintiff's counsel to be present for a teleconference.   Plaintiff's counsel refused to participate in setting a date for hearing.  See Exhibit "C".  Ultimately, when defense counsel called Judge Otazo-Reyes' chambers alone, she was told that Judge Otazo-Reyes would not be available to consider the motion before the scheduled deposition.

11. At 3:04 p.m. on 12/27/17 and after learning that Judge Otazo-Reyes' chambers would be contacted, Plaintiff's counsel suddenly notified defense counsel that it was available for a discovery hearing on Defendants' Motion for Protective Order on *January 10, January 22 and January 26, 2018* -- dates well beyond the need for the protective relief.

12. Plaintiff's counsel intentionally delayed defense counsel's early efforts to obtain protective relief by refusing to provide dates for a hearing and then only provided dates that frustrated the purpose of obtaining a hearing in the first place.

13. Defense counsel has filed this Motion as a last resort after having made every effort to confer with Plaintiff's counsel about the need for the relief sought.

14. The relief sought is not for the purposes of delay.  Defendants notified Plaintiff's counsel they would not be able to appear for depositions on Friday and requested the court reporter be cancelled so that Plaintiff's counsel would not incur that cost.

15. Additionally, defense counsel conferred with Plaintiff's counsel about limiting questioning of witnesses who already were deposed in the Ortiz v. NH, Inc. case to issues of fact regarding Plaintiff's employment only so that time and expense could be saved.  Plaintiff's counsel indicated her position is that the prior depositions cannot be used in this case.

## Memorandum of Law

The party seeking the protective order has the burden of showing that good cause exists by stating particular and specific facts. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981). "Good cause" is a well-established legal phrase. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987). Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action. *Id.* In a different context, the Eleventh Circuit court has identified four factors for ascertaining the existence of good cause which include "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1205 (11th Cir. 1985). In addition, the Eleventh Circuit has superimposed a "balancing of interests" approach to Rule 26(c). *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

As explained above, Defendants have demonstrated good cause as to why the Court should enter a protective order preventing Plaintiff from taking Mr. and Mrs.

Hossain's depositions on 12/29/17.  Indeed, the facts in this case nearly exactly mirror those recited in Chavez v. Arancedo, 2017 U.S. Dist. LEXIS 110044 (S.D. Fla. 2017) in which Judge Torres found sufficient facts to establish good cause for issuance of a protective order.[9]  There, Judge Torres found that "Plaintiff's counsel had no legitimate reason to unilaterally schedule Defendant's deposition…" especially given that she was aware that the deponent would be out of the country," the discovery cut-off was not imminent and defense counsel had offered alternative dates.  Judge Torres noted that "the unilateral scheduling of depositions was ***a serious concern*** and that the practice often leads to unnecessary motions and a waste of everyone's time."

The need for protective relief is all the more warranted here. In addition to Mr. Hossain's pressing need to address business and personal affairs on the day before he is leaving the country on an extended trip, Mr. Hossain has *a holy obligation to answer the call to prayer at his chosen mosque of which Ms. Jaff was well aware* yet she refused to re-schedule his deposition.  Knowing the restrictions of Mr. Hossain's religion require him to attend Friday worship, one could draw the conclusion that Mr. Hossain's deposition was knowingly set on a Friday with the intent to harass and abuse him.  Plaintiff's counsel had made every effort to confer with Plaintiff's counsel to resolve the dispute short of

---

[9] Plaintiff's counsel's unilateral scheduling of depositions and refusal to re-set them has been the subject of multiple Motions for Protective Orders in this district. See, e.g., See, also Palma v. Safe Hurricane Shutters, Inc., 2009 U.S. Dist. LEXIS 22704 (S.D. Fla. 2009) in which Magistrate Judge Simonton addressed Plaintiff's counsel's similar conduct in unilaterally setting depositions.  In Chavez v. Arancedo (decision issued on 7/17/17), Plaintiff's counsel was cautioned by Judge Torres' about setting depositions unilaterally and the need to accommodate scheduling conflicts.  Plaintiff's counsel ignores these court orders with impunity.

judicial intervention, yet they have been unbending in their position and refuse to re-schedule Mr. and Mrs. Hossain's depositions.

That Plaintiffs' counsel did not heed the warning issued by Judge Torres a mere five months before to not unilaterally set depositions is evidence that Plaintiff's counsel's has used the same tactic here in bad faith.  It is clear that Plaintiff's counsel will not stop this abusive discovery practice unless and until they are held financially responsible for the consequences of "this serious concern." Indeed, as Judge Torres noted, this Court now will be forced to waste judicial time and effort resolving a dispute that should never have occurred.

Defendants also request protective relief to limit questioning of witnesses in this case whose depositions already were taken in a prior case, Ortiz v. N.H, Inc., Case No. 17-20169-cv-TORRES.   Plaintiff takes the position that she cannot use the depositions from the prior case to establish Defendants' wage and hour practices despite that Rule 32(a)(8) permits this when there is an identity of issues and parties.   Identity of issues and parties is established when the same attorney is involved in two cases in which the same issues are litigated.   See, *Clay v. Buzas*, supra, and *Pinkney v. Winn-Dixie Stores, Inc.*, 2014 U.S. Dist. LEXIS 174216 (S.D. Ga. 2014). Therefore, there is no need to take extensive depositions of the same witnesses on all issues.  The depositions should be limited only to issues related to Plaintiff's wages and hours.

UNDERSIGNED COUNSEL'S SIGNATURE BELOW CONSTITUTES A VERIFICATION THAT THE FACTS ALLEGED IN THIS MOTION ARE TRUE AND CORRECT TO THE BEST OF HER KNOWLEDGE AND BELIEF

WHEREFORE, Defendants respectfully request that the Court issue protective order preventing the noticing and taking of Mr. and Mrs. Hossain's depositions on 12/29/17 and thereafter pending the parties' agreement on a mutually convenient date and time.  Defendants also respectfully request the Court to enter a protective order limiting the scope of depositions of witnesses whose depositions already have been taken in the <u>Ortiz v. NH, Inc.</u> case to factual issues related to Plaintiff's wages and hours.  Finally, Defendants request that the Court award them their attorney's fees and costs for having to file and brief this motion.

                Respectfully Submitted,

                LANGBEIN & LANGBEIN, P.A.
                Counsel for the Defendants
                8181 NW 154th Street, Suite 105
                Miami Lakes, FL 33016
                Tel:   (305) 556-3663
                Fax: (305) 556-3647

                By:   /s/ Leslie W. Langbein
                    Fla. Bar No. 305391

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed electronically on 12/28/17 through CM/ECF and that a copy of the foregoing will be served via notification through CM/ECF on all counsel or parties of record on the attached service list:

                By:   /s/ Leslie W. Langbein

## SERVICE LIST

J. H. Zidell, Esq.
Rivkah Jaff, Esq.
Neil Tobak, Esq.
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141

Tel: (305) 865-6766  
Fax: (305) 865-7167  
Attorney for the Plaintiff  
Email: zabogado@aol.com