UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-22835-CIV-DPG

| | |
|---|---|
| KATLIN G CABRERA FLORES, and all others similarly situated under 29 U.S.C. 216(b), | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| N.H. INC. a/k/a MERIDIAN FOOD MARKET/MONEY GRAM, MOHAMMED HOSSAIN, JASMINE HOSSAIN, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION FOR PROTECTIVE ORDER [DE53]

**COMES NOW** the Plaintiff, by and through undersigned counsel, and hereby files the above-styled Motion seeking the Court to enter an Order Striking Defendants' Motion for Protective Order, filed by Defendants as [DE53], and in support thereof states as follows:

1. Per the Court's Scheduling Order [DE33, P.3], "**[n]o written discovery motions, including motions to compel, for protective order, or related motions for sanctions shall be filed unless the Magistrate Judge requests it after a discovery hearing**." *See also,* [DE33, P.7].

2. Plaintiff has been attempting to work cooperatively with Defense Counsel in resolving the discovery dispute so as to eliminate the need for Court intervention and, in turn, minimize the accretion of fees and costs on both sides. Plaintiff provided various alternatives to proceeding with the depositions as noticed to occur on 12/29/17 and, on 12/28/17, provided three dates wherein Plaintiff's counsel would be available to attend a

Discovery Hearing before the Honorable Magistrate Judge Otazo-Reyes. Plaintiff's counsel also gave written consent to Defense counsel to contact Chambers and provide same with these proposed available dates. *See,* Exhibit "A" (redacted).[1] Plaintiff also put Defense counsel on notice of the Court's Order [DE33] which makes it clear that a Motion for Protective Order, such as Defendants' pending Motion [DE53] which is the subject of the instant Motion, is prohibited from being filed with the Court.[2]

3. In blatant disregard for the Court's Order and procedures that are applied to both Parties, Defendants filed their pending Motion [DE53]. **Plaintiff intends to file his Response in Opposition to Defendants' Motion [DE53] in the time prescribed by the Rules and this Motion should in no way be viewed as Plaintiff's Response in Opposition to same.**

4. Therefore, Plaintiff respectfully requests that Defendants' Motion for Protective Order, filed as [DE53], be stricken and Defendants be cautioned that the Orders and Court's procedures apply to all Parties, including Defendants. Plaintiff respectfully requests an award of fees and costs in relation to the filing of the instant Motion and all related work.

## MEMORANDUM OF LAW

Per the Court's Scheduling Order [DE33, P.3],

---

[1] The instant exhibit is redacted as to confidential and privileged settlement communications.

[2] The filing of a motion for a Protective Order does not excuse the movant from complying with the discovery requested. *SeeDiscovery Practice in the United States District Court Middle District of Florida,* § VI B; *See also, King v. Fidelity National Bank of Baton Rouge,* 712 F.2d 188, 191 (5th Cir.1983) (per curiam), *cert. denied* 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984); *In re Skyway Development Corp.,* 67 B.R. 674, 677 (Bankr.M.D.Fla.1986); *Williams v. Am. Tel. & Tel. Co.,* 134 F.R.D. 302, 303 (M.D. Fla. 1991). Plaintiff has coordinated a Court Reporter for the depositions as scheduled to occur on 12/29/17. It is noteworthy to mention that Defendants in their List of Trial Witnesses [DE52] identify Tarek Khan as the Rule 30(b)(6) Corporate Representative and Defendants Motion is void of any reason to necessitate Defendants' Motion [DE53].

> **Discovery Disputes.** The parties shall follow the attached discovery procedures for Magistrate Judge Otazo-Reyes. **No written discovery motions, including motions to compel, for protective order, or related motions for sanctions shall be filed unless the Magistrate Judge requests it after a discovery hearing.**

Moreover, the attached discovery procedures for the Honorable Magistrate Judge Otazo-Reyes [DE33, P.7], mimics the language of the Order and sets forth the procedure to be followed when a moving party seeks relief on a discovery dispute that the Parties are unable to resolve. Per the Court, "[i]t is the intent of this procedure to minimize the necessity of motions." *Id.*

Despite Plaintiff putting Defense counsel on notice of the procedures that need to be followed by all Parties in the instant matter, Defendants filed their discovery Motion [DE53]. Defendants' disruptive and obstructive actions in this matter are the latest in a series of actions from Defendants designed to unreasonably and vexatiously multiply the costs of litigation in this case.

Fed. R. Civ. P 16(f) empowers the Court to impose sanctions on a party which fails to participate in good faith in a scheduling or pretrial conference or fails to obey a scheduling or other pretrial order. Instead or in addition to the sanctions authorized in subsection (1),subsection (2) of the rule provides that the court "must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R.Civ. P. 16(f); *See also, Fed. R. Civ. P.* 37.

Defendants' last minute Motion [DE53] fails to state any reasonable justification for its noncompliance with the Court's clearly worded Order [DE33]. Defendants merely usurps the Court's authority to control the calendar in this case, believing that

it is exempt from complying with the Court's rules and procedures created "to minimize the necessity of motions."

WHEREFORE Plaintiff respectfully requests that Defendants' Motion for Protective Order, filed as [DE53], be stricken and Defendants be cautioned that the Orders and Court's procedures apply to all Parties, including Defendants. Plaintiff respectfully requests an award of fees and costs in relation to the filing of the instant Motion and all related work.

### CERTIFICATE OF CONFERRAL

Defendants have refused to withdraw their Motion and disregarded Plaintiff's communication and chose to file their Motion [DE53] knowing that it was in direct violation of the Court's Scheduling Order [DE33].

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
    Rivkah F. Jaff, Esquire
    Florida Bar No.: 107511

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 12/28/17 TO THE FOLLOWING:

LESLIE W. LANGBEIN, ESQ.
LANGBEIN & LANGBEIN
8181 NW 154 STREET, SUITE 105
MIAMI LAKES, FL 33016
PH: 305-556-3663
FAX: 556-3647
EMAIL: LANGBEINPA@BELLSOUTH.NET

**BY:__/s/____Rivkah F. Jaff_____
       RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-22835-CIV-DPG

KATLIN G CABRERA FLORES, and all )
others similarly situated under 29 U.S.C. )
216(b), )
 )
        Plaintiffs, )
vs. )
 )
N.H. INC. a/k/a MERIDIAN FOOD )
MARKET/MONEY GRAM, )
MOHAMMED HOSSAIN, )
JASMINE HOSSAIN, )
 )
        Defendants. )
_____ )

## ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION FOR PROTECTIVE ORDER [DE53]

This cause, having come before the Court on the Plaintiff's above-described motion, and the Court being duly advised in the premises, it is ORDERED and ADJUDGED that said motion is GRANTED and therefore:

1. Defendants' Motion for Protective Order [DE53] is hereby stricken.

2. Defendants and their counsel are hereby cautioned that the Rules and Procedures apply to all Parties, including Defendants, and should they continue to disregard the Court's Orders there are practical realities regarding same.

3. Plaintiff has twenty (20) days from the date of the Court's Order to file a Motion Quantifying all fees and costs related to the above described Motion to be paid by Defendants and their Counsel, jointly and severally, for purposefully and knowingly violating the Court's Order [DE33] with regards to procedures on Discovery Disputes. The Court shall retain jurisdiction to entertain same.

DONE AND ORDERED in chambers in Miami, Florida, on this _____ day of _____, 2017.

_____
DARRIN P. GAYLES
UNITED STATED DISTRICT JUDGE

Copies to: Counsel of Record